UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
QITURAH KELLY, individually and on behalf of her
infant children, JADA KELLY and HEAVEN PICKETT,

**CV 03 2180**

Plaintiffs,

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

-against-

★ MAY 06 2003 **COMPLAINT**

WILLIAM BELL, individually and as Commissioner,
GABRIEL OKON, individually and as a caseworker; BROOKLYN OFFICE
DOROTHY BAKER, individually and as supervisor,
JACQUELINE BERRIDGE, individually and as
manager; SHEILA ALSBROOKS-PERRY, individually
and as supervisor; and CITY OF NEW YORK,

**PLAINTIFFS DEMAND
TRIAL BY JURY**

**WEINSTEIN, J.**

Defendants.

**POLLAK, M.J.**

----------------------------------------------------------------X

Plaintiffs, appearing by their attorneys, Lansner & Kubitschek, hereby allege against

defendants as follows:

## I. PRELIMINARY STATEMENT

1.        This is a civil rights action, pursuant to 42 U.S.C. §1983, on behalf of a

victim of domestic violence and her children. In this action plaintiffs seek damages, declaratory

and injunctive relief to redress the deprivation, under color of state law, of rights secured to them

under the First, Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs

also seek damages for the deprivation of their rights under New York law. Under the misnomer

of "child protection," defendants routinely harass and terrorize victims of domestic violence and

their children, violating their fundamental rights.

1

## II. JURISDICTION

2.   Jurisdiction is conferred upon this court by 28 U.S.C. §1343, which

provides for original jurisdiction over all actions brought pursuant to 42 U.S.C. §1983, and by 28

U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and

laws of the United States. The court has jurisdiction over certain of the defendants pursuant to

28 U.S.C. §1367. The court has pendent jurisdiction over plaintiffs' state law claims.

## III. PARTIES

3.   Plaintiff Qiturah Kelly is the mother of infant plaintiffs Jada Kelly, born

September 3, 1998, and Heaven Pickett, born December 21, 2000.

4.   Defendant City of New York is a municipal corporation, incorporated

pursuant to the laws of the State of New York.

5.   Defendant City's Administration for Children's Services ("ACS") is

authorized by New York State law to investigate complaints of child abuse and neglect and to

offer rehabilitative and preventive services to both children and parents.

6.   Upon information and belief, defendant William C. Bell is Commissioner

of the Administration for Children's Services ("ACS") of the City of New York, and is sued in

his individual and official capacities.

7.   As Commissioner of ACS, defendant Bell is responsible for making and/or

approving policies for ACS, including policies regarding the investigation of alleged child abuse

or maltreatment, the removal and detention of children from their families, and the training and

supervision of employees in ACS.

8.   As Commissioner of ACS, defendant Bell is responsible for ACS's

2

compliance with the Constitution, statutes, regulations, and common law of the United States and the State of New York.

        9.    Upon information and belief, during April through October 2002, defendant Okon was employed by the City of New York as a caseworker for ACS.

        10.    Upon information and belief, during April through October 2002, defendant Baker was employed by the City of New York as a supervisor for ACS.

        11.    Upon information and belief, during April through October 2002, defendant Berridge was employed by the City of New York as a manager for ACS.

        12.    Upon information and belief, during April through October 2002, defendant Alsbrooks-Perry was employed by the City of New York as a supervisor for ACS.

## IV. FACTS

        13.    In April 2002, plaintiff Qiturah Kelly was living together with her children Jada Kelly and Heaven Pickett, the infant plaintiffs herein, and their father, Omar Pickett.

        14.    On April 22, 2002, Omar Pickett assaulted plaintiff. Plaintiff took infant plaintiffs and fled to a friend's apartment.

        15.    On May 2, 2002, plaintiff went to the apartment to retrieve clothing. Omar Pickett climbed through the window and assaulted plaintiff, causing cuts and bruising on plaintiff's face and arms. Said injuries required medical treatment.

        16.    On May 3, 2002, plaintiff filed a complaint against Pickett with the New York Police Department.

        17.    Upon information and belief, a report of suspected child neglect was made against plaintiff, and forwarded to ACS for investigation.

3

18.    The complaint was untrue. At all times, plaintiff has provided loving care for her children, and has never neglected them.

19.    Upon information and belief, agents of defendant Bell assigned defendant Okon to investigate the complaint.

20.    Upon information and belief, agents of defendant Bell assigned defendants Baker and Alsbrooks-Perry to supervise defendant Okon.

21.    Upon information and belief, agents of defendant Bell assigned defendant Berridge to supervise defendants Baker, Alsbrooks-Perry, and Okon.

22.    Defendants Okon, Baker, Alsbrooks-Perry, and Berridge determined that plaintiff provided her children with "a stable, safe, supportive, and nurturing environment. . . ."

23.    Despite said finding, on May 15, 2002 defendants Bell, Baker, Alsbrooks-Perry, Okon, and Berridge commenced child neglect proceedings against plaintiff in the New York Family Court.

24.    Upon information and belief, defendants alleged that plaintiff neglected infant plaintiffs because she and Omar Pickett got into two physical altercations in front of the infant plaintiffs and that plaintiff allowed her mother, who had a drug problem, to baby-sit for her children.

25.    Said allegations were false and defendants knew, or should have known, that these allegations were false. At all times relevant, plaintiff was a loving and caring mother and never neglected, abused or maltreated any of her children.

26.    Upon information and belief, on May 15, 2002, defendants sought and obtained an order from the Family Court, authorizing defendants to remove infant plaintiffs from

4

the custody of the plaintiff and to place infant plaintiffs in the custody of defendant Bell.

27. Upon information and belief, defendants obtained the order of removal based solely upon the false and misleading statements in the neglect petition.

28. Defendants obtained said order *ex parte*, without notifying plaintiff that of their application for said court order.

29. Acting pursuant to said order, on May 15, 2002, defendants removed infant plaintiff Heaven Pickett from the custody of plaintiff, and placed the child in foster care.

30. On May 16, 2002, acting pursuant to the Family Court order obtained on May 15, 2002, defendants removed infant plaintiff Jada Kelly from the custody of plaintiff, and placed the child in foster care in a different foster home.

31. Defendants Bell, Okon, Baker, Berridge, and Alsbrooks-Perry removed infant plaintiffs without probable cause to believe that infant plaintiffs were in danger.

32. On May 16, 2002, plaintiff filed for and received a Temporary Order of Protection against Omar Pickett in Bronx Family Court.

33. On or about May 17, 2002, defendants told plaintiff that they would not agree to return her children to her unless she went to live in a domestic violence shelter.

34. On or about May 17, 2002, plaintiff lost both her job and her apartment as a result of her move to the domestic violence shelter.

35. Defendants continued to detain infant plaintiffs through May 17, 2002, and returned infant plaintiffs to plaintiff only when ordered to do so by the Family Court.

36. Subsequently, plaintiff and infant plaintiffs have been forced to move to two other shelters.

5

37.   ACS continued to prosecute the plaintiff in the Family Court until October 3, 2002, when, after six months of court appearances, defendants agreed to withdraw their petition against plaintiff.

38.   Since October 3, 2002, defendant Okon has continued to harass plaintiff, has threatened to remove plaintiff's children again, and has repeatedly interrogated plaintiff.

39.   Upon information and belief, all of the actions of defendant Okon have been taken under the supervision of, and at the direction of, defendants Alsbrooks-Perry, Baker and Berridge, and with the tacit approval of defendant Bell.

40.   Within ninety days after the claim herein sued upon arose, plaintiff caused a notice of claim in writing, sworn to by plaintiff, to be served upon defendant City of New York. At least thirty days have elapsed since the service of said notice, and no payment has been made on said claim.

V. FIRST CAUSE OF ACTION

41.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 40.

42.   Upon information and belief, defendants City of New York and Bell have a policy of removing and detaining children from mothers who are victims of domestic violence without probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, without due process of law, and based upon constitutionally inadequate investigations.

43.   Acting pursuant to said policy, without probable cause to believe that continuing in the care of plaintiff presented an imminent danger to the children, without due process of law, and based upon a constitutionally inadequate investigation, defendants Okon,

6

Alsbrooks-Perry, Baker, and Berridge removed infant plaintiffs from plaintiff's custody.

44. Acting pursuant to said policy, and without probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health, without due process of law, and based on a constitutionally inadequate investigation, defendants Okon, Doe, Alsbrooks-Perry, Baker, and Berridge detained infant plaintiffs in government custody for two days.

45. Said policy, and the removal and detention effectuated pursuant to said policy, constituted an unlawful interference with plaintiff's liberty interest in the care and custody of her children, the infant plaintiffs herein, in violation of the Fourteenth Amendments to the United States Constitution. Said policy, and its implementation, were gross deviations from acceptable professional conduct.

46. As a result of the defendants' policy and its implementation, plaintiff suffered the loss of freedom and of the custody and services of her children; the infant plaintiffs suffered loss of liberty, loss of the care and guidance of their mother; all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

47. In the alternative, defendants City of New York and Bell failed to adopt policies requiring their employees to remove children only if probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health, only if they provided due process of law to children and parents, and only if they had investigated to determine probable cause. Defendants City of New York and Bell knew or should have known that said failure would cause defendants' agents and employees to remove and detain children without probable cause to believe that continuing in the care of their mother

7

presented an imminent danger to the children's life or health and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

48.    Defendants City of New York and Bell knew or should have known that their failure to adopt a policy regarding the removal of children from their parents would cause defendants' agents and employees to violate children's and parents' rights to live together as a family without state intervention, contrary to the Fourteenth Amendment to the United States Constitution.

49.    As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, the loss of her job and her apartment, and incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of their mother and loss of association with each other; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VI. SECOND CAUSE OF ACTION

50.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 49.

51.    Defendants City and Bell provided grossly inadequate and unprofessional training and supervision to their agents and employees regarding:

a. investigating child abuse and neglect cases involving mothers who are victims of domestic violence;

b. determining whether probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health, in order to remove or detain children whose mothers are domestic violence victims;

c. the provision of notice and an opportunity to be heard prior to the

8

removal of children; and

        d. the constitutional rights of parents and children in child welfare investigations; and

        e.  prosecuting mothers who are victims of domestic violence in the Family Court; and

        f. withdrawing child neglect cases.

52.    Defendants City and Bell knew or should have known that their employees were improperly trained and supervised in said issues.

53.    Defendants City and Bell knew or should have known that their employees would confront said issues in their work and that, without training, would make the wrong decisions on said issues.

54.    By reason of their lack of training, defendants Okon, Baker, Berridge, and Alsbrooks-Perry improperly removed the infant plaintiffs from the custody of plaintiff and detained infant plaintiffs from plaintiff for two days, without adequate investigation and without probable cause and without due process of law.

55.    As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, the loss of her job and her apartment, and incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of their mother and loss of association with each other; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VII. THIRD CAUSE OF ACTION

56.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 55.

9

57.     By removing and detaining the infant plaintiffs from plaintiff, defendants unlawfully interfered with plaintiff's custody of her minor children.

58.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, the loss of her job and her apartment, and incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of their mother and loss of association with each other; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VIII. FOURTH CAUSE OF ACTION

59.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 58.

60.     In removing and detaining infant plaintiffs, defendants violated infant plaintiffs' right to be free of unlawful searches and seizures, protected by the Fourth Amendment of the Untied States Constitution.

61.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, the loss of her job and her apartment, and incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of their mother and loss of association with each other; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression

## IX. FIFTH CAUSE OF ACTION

62.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 61.

63.     By removing and detaining the infant plaintiffs, defendants unlawfully imprisoned said infant plaintiffs.

64.     As a result of the defendants' actions, plaintiff suffered the loss of freedom

10

and of the custody and services of her children, the loss of her job and her apartment, and

incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of

their mother and loss of association with each other; and all plaintiffs suffered extreme

humiliation, pain and suffering, terror, mental anguish, and depression.

## X. SIXTH CAUSE OF ACTION

65.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 64.

66.    Upon information and belief, defendants City and Bell had, at all times

material, a policy of filing child protective proceedings maliciously and without probable cause

against mothers who are victims of domestic violence.

67.    Acting pursuant to said policy, on or about May 15, 2002, defendants City

of New York, Bell, Okon, Baker and Berridge commenced child protective proceedings against

plaintiff Kelly maliciously and without probable cause.

68.    Acting pursuant to said policy, from May 15, 2002, until October 3, 2002,

defendants City of New York, Okon, Baker and Berridge continued to prosecute plaintiff

wilfully, maliciously, without probable cause, and for reasons other than to see justice done.

69.    In commencing and continuing said charges, defendants City of New

York, Okon, Baker and Berridge, acting under color of state law, in gross and wanton disregard

of plaintiff's rights, violated plaintiff's right to be free of malicious prosecution, under the Fourth

Amendment of the United States Constitution.

70.    In the alternative, defendants City of New York and Bell failed to adopt

any policies or standards for deciding whether to file child protective proceedings in Family

Court against mothers who are victims of domestic violence.

11

71.    Defendants City of New York and Bell knew, or should have known, that their failure to adopt policies or standards would cause their employees to abuse government power by filing child protective proceedings maliciously against women who are domestic violence victims.

72.    As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, the loss of her job and her apartment, and incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of their mother and loss of association with each other; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## XI. SEVENTH CAUSE OF ACTION

73.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 72.

74.    In commencing and continuing child protective proceedings against plaintiff in the Family Court, defendants prosecuted plaintiff maliciously and without probable cause, in violation of the laws of the State of New York.

75.    As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, the loss of her job and her apartment, and incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of their mother and loss of association with each other; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## XII. EIGHTH CAUSE OF ACTION

76.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 75.

77.    All of the defendants had a duty to act with reasonable care toward

12

plaintiffs and with the highest degree of care toward the infant plaintiffs.

78.     Defendants' removal and detention of the infant plaintiffs and defendants' prosecution of plaintiff constituted gross breaches of said duty and gross deviations from accepted professional standards.

79.     As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children, the loss of her job and her apartment, and incurred expenses; the infant plaintiffs suffered the loss of liberty, of the care and guidance of their mother and loss of association with each other; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

WHEREFORE plaintiffs respectfully request that judgment be entered:

1. Awarding plaintiff and the infant plaintiffs full and fair compensatory damages as decided by the jury; and

2. Awarding plaintiff and the infant plaintiffs full and fair punitive damages as decided by the jury; and

3. Awarding plaintiff and the infant plaintiffs interest from May 15, 2002; and

4. Awarding plaintiff and the infant plaintiffs reasonable attorney fees pursuant to 42 U.S.C. §1988; and

5. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        May 5, 2003

                                        Carolyn A. Kubitschek

                                        CAROLYN A. KUBITSCHEK (CK6415)
                                        LANSNER & KUBITSCHEK
                                        Attorney for Plaintiffs
                                        325 Broadway
                                        New York, New York  10007
                                        (212) 349-0900

13